IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BIBIJI INDERJIT KAUR PURI;
RANBIR SINGH BHAI; KAMALJIT
KAUR KOHLI; KULBIR SINGH PURI,

    Plaintiffs,

v.

SOPURKH KAUR KHALSA;
PERAIM KAUR KHALSA; SIRI
RAM KAUR KHALSA; KARTAR
SINGH KHALSA; KARAM SINGH
KHALSA; SIRI KARM KAUR
KHALSA; ROY LAMBERT;
SCHWABE, WILLIAMSON &
WYATT, an Oregon Professional
Corporation; LEWIS M. HOROWITZ;
LANE POWELL PC, an Oregon
Professional Corporation; UNTO
INFINITY, LLC, an Oregon Limited
Liability Company; SIRI SINGH
SAHIB CORPORATION, an Oregon
non-profit corporation; GURUDHAN
SINGH KHALSA; GURU HARI SINGH
KHALSA; AJEET SINGH KHALSA;
EWTC MANAGEMENT, LLC; DOES, 1–5,

    Defendants.

No. 3:10-cv-01532-MO

OPINION AND ORDER

**MOSMAN, J.,**

    This matter comes before me on Defendants' five Motions to Dismiss the Second Amended Complaint ("SAC"). [245, 247, 249, 250, 257]. For the reasons below, I GRANT in

1 – OPINION AND ORDER

part and DENY in part the Motion to Dismiss or in the Alternative Motion to Strike [245] filed by Defendants Kartar Singh Khalsa, Sopurkh Kaur Khalsa, Unto Infinity, LLC ("UI"), Siri Karm Kaur Khalsa, Peraim Kaur Khalsa, Siri Singh Sahib Corporation ("SSSC"), and Karam Singh Khalsa; GRANT the Motion to Dismiss [247] filed by Defendants Lewis Horowitz and Lane Powell; GRANT the Motion to Dismiss [249] filed by Defendant Siri Ram Kaur Khalsa; GRANT the Motion to Dismiss [250] filed by Defendants Schwabe, Williamson & Wyatt ("Schwabe") and Roy Lambert; and GRANT the Motion to Dismiss [257] filed by Defendants Gurudhan Singh Khalsa, EWTC Management, LLC ("EWTC"), Guru Hari Singh Khalsa, and Ajeet Singh Khalsa.

## BACKGROUND

After this Court granted Defendants' Motions to Dismiss the First Amended Complaint ("FAC")[1] [215, 220], the Ninth Circuit affirmed in part, vacated in part, and remanded. In a published opinion, the Ninth Circuit concluded that dismissal pursuant to the ministerial exception was not warranted and that this Court could address Plaintiffs' claims without violating the First Amendment. *Puri v. Khalsa*, 844 F.3d 1152 (9th Cir. 2017). In an accompanying unpublished memorandum disposition, the Ninth Circuit: (1) affirmed the dismissal with prejudice of all derivative claims; (2) ordered this Court to dismiss without prejudice Plaintiffs' fraud claim against all Defendants other than Sopurkh, Kartar, Lambert, and Schwabe for failure to plead fraud with particularity; (3) affirmed the dismissal with prejudice of Plaintiffs' claim for negligent misrepresentation as to Lane Powell and Horowitz and ordered this Court to dismiss without prejudice as to the other Defendants for failure to plead fraud with particularity; (4) ordered this Court to dismiss without prejudice Plaintiffs' claim for tortious

---

[1] Plaintiffs' FAC brought claims for: (1) declaratory relief; (2) breach of fiduciary duty; (3) fraud; (4) negligent misrepresentation; (5) tortious interference with prospective economic advantage; (6) conversion; (7) unjust enrichment; (8) RICO; (9) legal malpractice; and (10) aiding and abetting. FAC [102].

2 – OPINION AND ORDER

interference with prospective economic advantage for failure to plead fraud with particularity, as to all defendants other than Sopurkh[2], Lambert, and Schwabe; (5) ordered this Court to dismiss without prejudice Plaintiffs' RICO/ORICO claim for failure to plead fraud with particularity, as to all defendants other than Sopurkh, Lambert, and Schwabe.[3] *Puri v. Khalsa*, 674 F. App'x 679 (9th Cir. 2017).

In the Second Amended Complaint ("SAC"), Plaintiffs bring five claims: (1) Claim One for declaratory relief (Claim One in the FAC); (2) Claim Two for fraud (Claim Three in the FAC); (3) Claim Three for negligent misrepresentation (Claim Four in the FAC); (4) Claim Four for tortious interference with prospective economic advantage (Claim Five in the FAC); and (5) Claim Five for RICO/ORICO (Claim Eight in the FAC). SAC [234].[4] In the SAC, Plaintiffs added four Defendants: Gurudhan, Hari, Ajeet, and ETWC Management, LLC. SAC [234].

Defendants Kartar, Sopurkh, UI, Karm, Peraim, SSSC, and Karam filed a Motion to Dismiss [245], arguing the Court should dismiss Claim One for declaratory relief, or in the alternative, strike the derivative requests for relief; dismiss Claim Two for fraud as to each of these Defendants other than Sopurkh and Kartar; dismiss Claim Three for negligent misrepresentation as to each of these Defendants; dismiss Claim Four for tortious interference with prospective economic advantage as to each of these Defendants other than Sopurkh; and dismiss Claim Five for RICO/ORICO as to each of these Defendants. [245]. The Motion to Dismiss filed by Lambert and Schwabe [250] argues the derivative claims and the ORICO/RICO claims should be dismissed as

---

[2] This opinion, like the briefing, will refer to certain individuals in this case by their first names to distinguish from others who have the same last name.

[3] The Ninth Circuit also addressed the dismissal of Plaintiffs' claims for unjust enrichment, legal malpractice, and aiding and abetting, but Plaintiffs do not bring these claims in the SAC.

[4] This Court struck as untimely Plaintiffs "Revised/Corrected" Second Amended Complaint and addresses only the SAC in this opinion. [281].

3 – OPINION AND ORDER

to both of these Defendants and that the claims against Schwabe for declaratory relief and negligent misrepresentation as to Plaintiffs Ranbir, Kamaljit, and Kulbi should also be dismissed. [250]. The Motions to Dismiss filed by Defendants Horowitz and Lane Powell [247], Ram [249], and by Gurudhan, Hari, Ajeet, and ETWC Management, LLC [257] each argue the Court should dismiss all claims against these defendants. [247, 249, 257].

## LEGAL STANDARD

When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). A court need not accept legal conclusions as true because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While a plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

Rule 15 provides that a court should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). As such, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-*

*Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). If amendment would be futile, the court need not grant leave to amend. *Id.* "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

## DISCUSSION

### I. Conceded Claims

Plaintiffs concede in their briefing on the Motions to Dismiss that the following claims in their SAC should be dismissed: (1) Claim One for declaratory relief as to all Defendants except UI and SSSC; (2) Claim Two for fraud as to UI and SSSC; (3) all Plaintiffs' Claim Three for negligent misrepresentation as to Sopurkh, Peraim, Siri Ram, Karm, Kartar, Karam, Gurudhan, Hari, Ajeet, EWTC, UI, and SSSC, and Ranbir's, Kamaljit's, and Kulbir's Claim Three against Lambert and Schwabe; (4) Claim Four for tortious interference with prospective economic advantage against Karam, Gurudhan, Hari, Ajeet, EWTC, UI, and SSSC; and (5) Claim Five for ORICO against all Defendants and for RICO against UI and SSSC. [258] at 9–11, [259] at 9, [260] at 13, [262] at 9, [272] at 2–3. Accordingly, I GRANT Defendants' Motions as to these claims.

After Plaintiffs' conceded claims are dismissed, the claims still before this Court in these Motions to Dismiss are:

- Claim One for declaratory relief: claimed by all Plaintiffs against UI and SSSC.
- Claim Two for fraud: claimed by all Plaintiffs against all Defendants other than UI and SSSC.
- Claim Three for negligent misrepresentation: claimed by Bibiji against Defendants Lambert and Schwabe.
- Claim Four for tortious interference with prospective economic advantage: claimed by all Plaintiffs against Defendants Sopurkh, Peraim, Ram, Karm, Karter, Lambert, Schwabe, Horowitz, and Lane Powell.

- Claim Five for RICO: federal RICO claims by all Plaintiffs against all Defendants other than UI and SSSC.

I address the arguments raised by the parties as to each of these claims in turn.

## II.     Claim One: Declaratory Relief

The Declaratory Judgments Act ("DJA") states: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Plaintiffs seek declaratory relief against UI and SSSC in the form of a judgment declaring:

- 39.1 That BIBIJI has been a Manager of UI from and after July 26, 2004.
- 39.2 That every act by the Board of Managers of UI after July 26, 2004, and all actions taken by Defendants as Managers of UI from and after July 26, 2004, are void for lack of proper notice.
- 39.3 That all amendments to the Organization Agreement from and after July 26, 2004 are void for lack of proper notice.
- 39.4 That the Settlement Agreement is invalid.
- 39.5 That Defendants SOPURKH, RAM, PERAIM, KARTAR and KARM KAUR KHALSA have breached their fiduciary duties and are not fit to serve as Managers/Members of UI.
- 39.6 That Plaintiff is the sole remaining legitimate Manager of UI.

SAC [234] ¶¶ 39.1-39.6. Plaintiffs also "request that the Court issue a judgment declaring that Plaintiffs are managers/directors/trustees of SSSC." SAC [234] ¶ 40.

UI and SSSC argue that these requests for relief are derivative and therefore barred by the Ninth Circuit's ruling affirming this Court's dismissal with prejudice of Plaintiffs' derivative claims. [245] at 15–16. Plaintiffs argue they are not seeking derivative relief and instead "[t]he allegations defendants complain about are necessary background to Plaintiffs' claims and related to the conspiratorial nature of the Defendants['] acts." Response [260] at 9.

UI and SSSC are correct that Paragraphs 39.2 to 39.6 ask for derivative relief. Under Oregon law, which applies in this case because UI and SSSC are Oregon LLCs, if "a shareholder

6 – OPINION AND ORDER

has a 'special' injury, then the shareholder has standing to assert a direct claim. A special injury is established where there is a wrong suffered by the shareholder not suffered by all shareholders generally or where the wrong involves a contractual right of the shareholders, such as the right to vote." *Loewen v. Galligan*, 882 P.2d 104, 111 (Or. Ct. App. 1994). Here, Plaintiffs have not alleged they suffered special injury by actions of the board (including the settlement agreement), by any alleged breaches of fiduciary duties, or by the presence of other board members. But paragraphs 39.1 and 40, which ask for declaratory relief as to Plaintiffs' membership on the SSSC board and Bibiji's membership on the UI board, are injuries special to Plaintiffs. I therefore GRANT in part and DENY in part UI defendants' Motion to Dismiss as to Claim One, and DISMISS all claims except Bibiji's request for declaratory relief as to UI board membership and all Plaintiffs' requests for declaratory relief as to SSSC board membership.

### III. Claim Two: Fraud

There are nine elements to a fraud claim under Oregon law: (1) a representation; (2) that is false; (3) and that is material; (4) the speaker must know that the statement is false or be ignorant of its truth; (5) the speaker must have intended for the statement to be acted upon in a manner reasonably contemplated; (6) the listener must have been ignorant of the statement's falsity; (7) the listener must have relied on the statement; (8) the listener must have a right to rely on the statement; and (9) the listener's damages must have been proximately caused by his reliance on the statement. *W. Sur. Co. v. Bank of S. Or.*, 257 F.3d 933, 936 (9th Cir. 2001); *Or. Public Emps.' Ret. Fund v. Simat, Helliesen & Eichner*, 83 P.3d 350, 359 (Or. Ct. App. 2004).

Plaintiffs bring their fraud claim against all defendants except UI and SSSC. Defendants Peraim, Ram, Karm, Karam, Gurudhan, Hari, Ajeet, EWTC, Horowitz, and Powell argue this claim should be dismissed for failure to meet Rule 9(b)'s heightened pleading standard and

because Plaintiffs fail to allege harm sufficient for Article III standing as to Defendants Horowitz and Powell.

### A. *Failure to Meet Rule 9(b)'s Heightened Pleading Standard*

#### 1. Legal Standards

Where a complaint includes allegations of fraud, a party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit interprets Rule 9(b) as requiring "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Id.* Instead, Rule 9(b) "requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* (citations and quotations omitted). Therefore, Plaintiffs here "must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id.* at 765. The Ninth Circuit further requires that "in 'all *averments of fraud* . . . , the circumstances constituting fraud . . . shall be stated with particularity.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) (internal citations omitted). As a result, if fraud is not a necessary element of a claim but Plaintiffs allege a "unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim," Plaintiffs' claim is said to be "'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103–04.

In *Wool v. Tandem Computers Inc.*, the Ninth Circuit first recognized an exception to Rule 9(b)'s general rule in instances of fraud where the facts in support are within the

8 – OPINION AND ORDER

defendants' possession, holding that Rule 9(b) "may be relaxed as to matters peculiarly within the opposing party's knowledge," despite the general rule that "[a]llegations of fraud based on information and belief usually do not satisfy the degree of particularity required." 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds as stated in Flood v. Miller*, 35 Fed. App'x. 701, 703 n.3 (9th Cir. 2002). The *Wool* court noted that the exception exists for cases such as corporate fraud where plaintiffs cannot be expected to have personal knowledge of the facts constituting the wrongdoing. *Id.* However, a plaintiff relying on this exception must still satisfy the particularity requirement by accompanying the allegations of fraud based on information and belief with "a statement of the facts upon which the belief is founded." *Id.*

### 2.   *Plaintiffs' Fraud Claim*

The Ninth Circuit affirmed the dismissal of this claim without prejudice under Rule 9(b) as to all defendants except Lambert, Schwabe, Sopurkh and Kartar. *Puri v. Khalsa*, 674 F. App'x 679, 688–89 (9th Cir. 2017). The Ninth Circuit concluded that specific paragraphs in Plaintiffs' FAC met Rule 9(b)'s standard and that others did not. *Id.* In the SAC [234], Plaintiffs reiterate the FAC's section on fraud verbatim, with nine additional paragraphs (45.8, 47.4, 47.5, 47.6, 48.4, 48.6, 48.7, 49.1, 49.2). Three of these paragraphs (45.8, 49.1, 49.2) add language referring to allegations in paragraphs 23 through 31, which cover 21 pages. SAC [234]. Even assuming this language cures the Ninth Circuit's conclusion that the FAC's "vague references" to prior allegations "are insufficient in a case such as this, involving a lengthy and difficult to decipher pleading," *Puri*, 674 F. App'x at 688, paragraphs 23 through 31 principally contain specific allegations about the actions of Sopurkh, Kartar, Lambert, Schwabe, and possibly Horowitz and Lane Powell.[5] The remainder of the paragraphs contain allegations about Peraim,

---

[5]   Regarding Horowitz and Lane Powell, Plaintiffs added language to the SAC specifically accepted by the Ninth Circuit as meeting Rule 9(b)'s standard under the aiding and abetting claim (no longer in the

9 – OPINION AND ORDER

Ram, Karm, Karam, Gurudhan, Hari, Ajeet, and EWTC that are either conclusory or state their conclusions upon "information and belief," without a basis for those conclusions (e.g., "Plaintiffs are informed and believe and therefore allege that in furtherance of their conspiracy SOPURKH, LAMBERT, PERAIM, RAM, KARTAR and KARM deliberately and willfully withheld notice of annual meetings," SAC [234] ¶ 26.10).

The new paragraphs specifically added to the fraud section (47.4, 47.5, 47.6, 48.4, 48.6, 48.7), continue to state allegations made on information and belief without stating a possible basis for the belief or specific allegations about any of Defendants' actions, again with the possible exception of Horowitz and Lane Powell. For example:

> 47.5. Plaintiffs are further informed and believe and based thereon allege that LAMBERT, SCHWABE, HOROWITZ, GURUDHAN, HARI, AJEET and LANE agreed and conspired to aid and abet KARTAR and KARAM to abscond with 90% of the value of KIT BV by transferring KIT BV from KIIT into GTO to the detriment of UI and the Sikh Dharma community, and to prevent Plaintiffs from being placed on the Board of SSSC in order to consummate their illicit transfer of assets.

SAC [234] ¶ 47.5.

Plaintiffs fail to plead their fraud claim with particularity or to meet the *Wool* exception by accompanying their allegations of fraud based on information and belief with "a statement of the facts upon which the belief is founded." *Wool*, 818 F.2d at 1439. I therefore GRANT Defendants' Motion to Dismiss as to this claim and DISMISS Claim Two for fraud as to Peraim, Ram, Karm, Karam, Gurudhan, Hari, Ajeet, and EWTC.

### B. *Lack of Standing as to Horowitz and Lane Powell*

---

case) to their fraud claim. SAC [234] ¶ 47.6; *see Puri*, 674 F. App'x at 691. This language claims fraud based on an email Horowitz sent representing there was no sale of the assets of Golden Temple. SAC [234] ¶ 47.6. Horowitz's and Lane Powell's alternative arguments about Plaintiffs' fraud claim are addressed in a separate section below.

The Ninth Circuit concluded a version of the following allegation against Horowitz and Lane Powell met Rule 9(b)'s standards:

> 31.18. On November 6, 2008, HOROWITZ sent an e-mail to Kate Freeland, attorney for beneficiaries under the Will of Yogi Bhajan representing that there had been no sale of assets of Golden Temple. This communication was in furtherance of the cover-up of the transfer of assets of Golden Temple from KIIT to EWTCM for the benefit of the owners of EWTCM and in support of the YB Assurances promised to the Board members of UI for approving the formation of GTO and transfer of 90% of the value of Golden Temple to EWTCM. A copy of the e-mail from HOROWITZ is attached hereto as Exhibit 42.

SAC [234] ¶ 31.18. Given that the SAC contains at least one allegation against Horowitz and Lane Powell sufficient to meet Rule 9(b)'s standard, I now address their alternative arguments for dismissal. Horowitz and Lane Powell argue that Plaintiffs' fraud claim against them should be dismissed because they were only involved in the 2007 Golden Temple events and Plaintiffs do not allege individual harm from those events. [247] at 8–14. Horowitz and Lane Powell contend that Plaintiffs only allege harm from the 2004–2005 failure to place Plaintiffs on boards, and that the only way Horowitz and Lane Powell could be held liable for the 2004–2005 events would be via retroactive aiding and abetting liability. [247] at 8–14. Plaintiffs respond that the 2007 events were "a continuation of the 2004 and continuing conspiracy to exclude Plaintiffs from the UI and SSSC Boards, and Plaintiffs were incurring continuing injury." [262] at 10–18. Plaintiffs also allege in response a new theory of harm from trademark licensing never before raised in this case, and not raised in the SAC. [262] at 10–18.

Article III standing "requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (internal citations and quotation

11 – OPINION AND ORDER

marks omitted). In the SAC, Plaintiffs do not allege any personal injury resulted from the 2007–2008 Golden Temple events. *See, e.g.*, SAC [234] ¶ 30.27 ("Plaintiffs are informed and believe and based thereon allege that this was in furtherance of the conspiracy to benefit the conspiracy participants to the detriment of the Sikh Dharma community.").

And even under Plaintiffs' theory of continuing harm resulting from the 2004 events, Horowitz and Lane Powell would have to be held retroactively liable for the 2004 events. Under Oregon law, a defendant may be liable for another's tort to a third party under the following circumstances:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*Granewich v. Harding*, 985 P.2d 788, 792 (Or. 1999) (quoting and adopting Section 876 of the Restatement (Second) of Torts (1979)). Horowitz's conduct in sending the 2008 email to Freeland does not fit under this framework. Plaintiffs do not allege the 2004 events in keeping Plaintiffs off the boards and the 2007–2008 Golden Temple events were "pursuant to a common design," that Horowitz and Lane Powell knew of the prior events, gave substantial assistance to other defendants, or were involved at all until 2007–2008, or that Horowitz breached a duty to Plaintiffs in sending the 2008 email. *See* SAC [234] ¶¶ 30.1–30.27. I therefore GRANT Horowitz's and Lane Powell's Motion to Dismiss as to the fraud claim.

### IV. Claim Three: Negligent Misrepresentation

Plaintiffs concede that their negligent misrepresentation claim should be dismissed as to all Plaintiffs and Defendants, except for Bibiji's claim against Lambert and Schwabe, who do not

argue this claim should be dismissed. I therefore make no additional rulings on this claim, other than to GRANT dismissal of the conceded claims.

V.      **Claim Four: Tortious Interference with Prospective Economic Advantage**

A prima facie case for intentional interference in Oregon requires: (1) the existence of a prospective professional or business relationship; (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages. *Allen v. Hall*, 974 P.2d 199, 202 (Or. 1999).

Plaintiffs bring their tortious interference claim against Sopurkh, Peraim, Ram, Karm, Kartar, Lambert, Schwabe, Horowitz, and Lane Powell. Defendants Peraim, Ram, Karm, Kartar, Horowitz, and Lane Powell argue this claim should be dismissed for failure to meet Rule 9(b)'s heightened pleading standard and because Plaintiffs fail to allege harm sufficient for Article III standing as to Defendants Horowitz and Powell.

A.   *Failure to Meet Rule 9(b)'s Heightened Pleading Standard*

The Ninth Circuit concluded the FAC contained sufficient allegations against Sopurkh, Lambert, and Schwabe for the purposes of Rule 9(b). *Puri*, 674 F. App'x at 689. But the Ninth Circuit concluded that the FAC failed to meet Rule 9(b)'s heightened pleading standard for fraud with respect to the remaining Defendants. *Id.* Defendants Peraim, Ram, Karm, Kartar, Horowitz, and Lane Powell argue that the SAC continues to suffer from the same infirmities pointed out by the Ninth Circuit, [245] at 21, and Plaintiffs argue the SAC meets Rule 9(b)'s standards, [260] at 21.

The SAC repeats the FAC's allegations and adds four new paragraphs (62.8, 62.9, 62.10, 62.11). These paragraphs read:

62.8. Furthermore, Plaintiffs are informed and believe that GURUDHAN, HARI, AJEET, KARAM and HOROWITZ agreed and conspired to assist, aid and abet LAMBERT, KARTAR, SOPURKH, RAM, KARM and PERAIM to exclude Plaintiffs from the Board of SSSC in order to consummate their fraudulent transfer of 90% of the value of KIT BV by transferring KIT BV from KIIT into GTO.

62.9. In reliance on the false representations of Defendants and their failure to disclose their plans to defraud, Plaintiffs were induced to and did refrain from any management input, decisions or other management activities at SSSC.

62.10. Had Plaintiffs known the actual facts, and not been excluded by Defendants, they would have undertaken management duties at SSSC and would have participated in annual and special meetings of SSSC and voted on matters before the Board of Trustees. Had Plaintiffs been on the board of SSSC they would have prevented the fraudulent transfer of property to KARTAR, KARAM, GURUDHAN, HARI, AJEET and EWTCM.

62.11. Furthermore, LAMBERT and SOPURKH were aware Plaintiffs were to be placed on the board of SSSC and LAMBERT and SOPURKH conspired and acted in concert with SCWABE, KARTAR, KARAM, GURUDHAN, HARI, AJEET, HOROWITZ, LANE, RAM, KARM and PERAIM, who ratified and adopted the prior efforts of LAMBERT, KARTAR and SOPURKH to prevent Plaintiffs from being placed on the board of SSSC and/or acquiring knowledge of the plan to transfer assets to KARTAR, KARAM, GURUDHAN, HARI, AJEET without just compensation or disclosure to the Sikh Dharma Community.

SAC [234] ¶¶ 62.8–62.11. These paragraphs still fail to state the basis for the "information and belief." Additionally, paragraphs 62.8–62.11 generally relate to the 2007–2008 Golden Temple-related actions of Gurudhan, Hari, Ajeet, Karam, Horowitz, and Lane Powell, and the Plaintiffs have withdrawn this claim against all of these Defendants other than Horowitz and Lane Powell. [257], [260] at 13. Because the new paragraphs are conclusory and do not meet Rule 9(b)'s standards, I GRANT Defendants' Motions to Dismiss on this claim as to Peraim, Ram, Karm, and Kartar.

### B. *Lack of Standing as to Horowitz and Lane Powell*

For the same reasons outlined in Section III.B. regarding lack of standing, I also GRANT Horowitz's and Lane Powell's Motion to Dismiss Plaintiffs' tortious interference claim against them.

## VI.   Claim Five: ORICO/RICO

Plaintiffs bring their federal RICO claims against all defendants except UI and SSSC.[6] Defendants Peraim, Ram, Karm, Kartar, Karam, Gurudhan, Hari, Ajeet, EWTC, Horowitz, and Lane Powell argue this claim should be dismissed for failure to meet Rule 9(b)'s heightened pleading standard. Defendants Sopurkh, Lambert, and Schwabe argue this claim should be dismissed against them for failure to state a claim under RICO.

### A.    *Failure to Meet Rule 9(b)'s Heightened Pleading Standard*

The Ninth Circuit dismissed without prejudice the RICO claims against all defendants except Sopurkh, Lambert, and Schwabe. Defendants Peraim, Ram, Karm, Kartar, Karam, Gurudhan, Hari, Ajeet, EWTC, Horowitz, and Lane Powell argue that the SAC continues to suffer from the same infirmities pointed out by the Ninth Circuit. [245] at 25–26, [247] at 17, [249] at 7, [257] at 13–15. Plaintiffs argue the SAC meets Rule 9(b)'s standards. *See, e.g.,* [260] at 25.

Other than adding Gurudhan, Hari, and Ajeet's names to numerous allegations, the SAC only adds one paragraph not already in the FAC:

> 80.14. GURUDHAN, HARI AND AJEET were active members of the Sikh community and did not speak out to correct the false statements by LAMBERT, PERAIM, KARM, SOPURKH and their co-conspirators.

SAC [234] ¶ 80.14. Because this paragraph is conclusory and the SAC's RICO section is otherwise substantially similar to the FAC's section found infirm by the Ninth Circuit, I GRANT

---

[6] Plaintiffs concede they no longer bring claims under Oregon's RICO statute.

15 – OPINION AND ORDER

Defendants' Motions to Dismiss on this claim as to Peraim, Ram, Karm, Kartar, Karam, Gurudhan, Hari, Ajeet, EWTC, Horowitz, and Lane Powell.

### B. *Failure to State a RICO Claim*

The Ninth Circuit concluded that the FAC met Rule 9(b)'s pleading requirements as to Sopurkh, Lambert, and Schwabe. *Puri*, 674 F. App'x at 690. Lambert and Schwabe[7] argue in their Motion to Dismiss [250] that Plaintiffs' RICO claim should be dismissed because the SAC does not sufficiently allege a pattern of racketeering, among other arguments. [250] at 10–19. Plaintiffs respond that the SAC shows a pattern of continuous criminal behavior through the conspiracy to take control of UI and SSSC, sell the assets of GTO Inc., cover up the asset transfer, and sell off the cereal division of GTO. [258] at 13–14.

RICO requires two or more predicate acts such as wire fraud, and in addition, "to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). "[C]riminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240 (quoting 18 U.S.C. § 3575(e)).

I concluded that the RICO claims in Plaintiffs' original Complaint failed because the Complaint did not sufficiently allege a pattern of racketeering, Transcript of Proceedings [93] at 32:4-33:11, and the SAC fails to remedy this issue. Plaintiffs allege that two series of events constitute a pattern of racketeering: they point to one voicemail and three emails sent in 2004–2005 about excluding Plaintiffs from the UI and SSSC boards, and to six emails sent in 2007–

---

[7] Sopurkh does not specifically argue this point in his Motion to Dismiss but does join the arguments of all other defendants in their Motions to Dismiss, including this argument. [245] at 2.

2008 about the transfer of the Golden Temple/GTO assets. SAC [234] ¶¶ 80.4-80.12. In my view, these two sets of events are too isolated and set apart in time to constitute racketeering: they do not have the same purposes or results (consolidating control over the UI and SSSC boards versus personal profit from selling assets) or victims (Plaintiffs do not allege they were harmed by the 2007–2008 events).

Additionally, Plaintiffs fail to allege continuity, another RICO requirement, because the SAC does not allege these predicate acts threatened any future criminal conduct. *See H.J. Inc.*, 492 U.S. at 242 ("A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement."). I therefore GRANT Defendants' Motion to Dismiss on the RICO claims as to Lambert, Schwabe, and Sopurkh.

## CONCLUSION

I GRANT in part and DENY in part the Motion to Dismiss or in the Alternative Motion to Strike [245] filed by Defendants Kartar, Sopurkh, UI, Karm, Peraim, SSSC, and Karam; GRANT the Motion to Dismiss [247] filed by Defendants Horowitz and Lane Powell; GRANT the Motion to Dismiss [249] filed by Defendant Ram; GRANT the Motion to Dismiss [250] filed by Defendants Schwabe and Lambert; and GRANT the Motion to Dismiss [257] filed by Defendants Gurudhan, EWTC, Hari, and Ajeet.

Because the SAC evinces a "repeated failure to cure deficiencies by previous amendment," *Abagninin*, 545 F.3d at 742, I DISMISS WITH PREJUDICE the following claims:

- Claim One (declaratory relief): dismissed against all Defendants except UI and SSSC, as conceded by Plaintiffs; derivative claims against UI and SSSC dismissed (all claims for relief other than relief of having Bibiji placed on UI board and all Plaintiffs placed on SSSC board).

17 – OPINION AND ORDER

- Claim Two (fraud): dismissed against UI and SSSC as conceded by Plaintiffs; dismissed for failure to meet Rule 9(b)'s heightened pleading standard for fraud against Peraim, Siri Ram, Karm, Karam, Gurudhan, Guri Hari, Ajeet, and EWTC; dismissed for lack of standing against Horowitz and Lane Powell.
- Claim Three (negligent misrepresentation): dismissed against all defendants except Bibiji's claim against Lambert and Schwabe, as conceded by Plaintiffs.
- Claim Four (tortious interference): dismissed against Karam, Gurudhan, Guri Hari, Ajeet, EWTC, UI, and SSSC, as conceded by Plaintiffs; dismissed for failure to meet Rule 9(b)'s heightened pleading standard for fraud against Peraim, Siri Ram, Karm, and Kartar; dismissed for lack of standing against Horowitz and Lane Powell.
- Claim Five (RICO): ORICO claims dismissed, as conceded by Plaintiffs; RICO claims dismissed against UI and SSSC, as conceded by Plaintiffs; RICO claims dismissed for failure to meet Rule 9(b)'s heightened pleading standard for fraud against Peraim, Siri Ram, Karm, Karam, Kartar, Gurudhan, Hari, Ajeet, EWTC, Horowitz, and Lane Powell; RICO claims dismissed for failure to state a claim against Sopurkh, Lambert, and Schwabe.

The following defendants are dismissed from this case: Karm, Peraim, Karam, Ram, Horowitz, Lane Powell, Gurudhan, Hari, Ajeet, and EWTC.

The claims remaining in the case are:

- Claim One (declaratory relief): direct claims against UI and SSSC by all Plaintiffs (relief of having Bibiji placed on UI board and all Plaintiffs placed on SSSC board).
- Claim Two (fraud): claim by all Plaintiffs against Sopurkh, Kartar, Lambert, and Schwabe.
- Claim Three (negligent misrepresentation): claim by Bibiji against Lambert and Schwabe.
- Claim Four (tortious interference): claim by all Plaintiffs against Sopurkh, Lambert, and Schwabe.

IT IS SO ORDERED.

DATED this 5 day of October, 2017.

MICHAEL W. MOSMAN
Chief United States District Judge