IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BIBIJI INDERJIT KAUR PURI; RANBIR SINGH BHAI; KAMALJIT KAUR KOHLI; KULBIR SINGH PURI, <br><br>Plaintiffs,<br><br>v.<br><br>SOPURKH KAUR KHALSA; PERAIM KAUR KHALSA; SIRI RAM KAUR KHALSA; KARTAR SINGH KHALSA; KARAM SINGH KHALSA; SIRI KARM KAUR KHALSA; ROY LAMBERT; SCHWABE, WILLIAMSON & WYATT, an Oregon Professional Corporation; LEWIS M. HOROWITZ; LANE POWELL PC, an Oregon Professional Corporation; UNTO INFINITY, LLC, an Oregon Limited Liability Company; SIRI SINGH SAHIB CORPORATION, an Oregon non-profit corporation; GURUDHAN SINGH KHALSA; GURU HARI SINGH KHALSA; AJEET SINGH KHALSA; EWTC MANAGEMENT, LLC; DOES, 1–5,<br><br>Defendants. | No. 3:10-cv-01532-MO<br><br>OPINION AND ORDER |

**MOSMAN, J.,**

This matter comes before me on: (1) Plaintiffs' Motion for Leave to Amend [301]; (2) Plaintiffs' Motion for Reconsideration [305]; and (3) Defendants' Motion for Protective Order

1 – OPINION AND ORDER

Regarding Scope of 30(b)(6) Deposition [328]. For the reasons below, I DENY Plaintiffs' Motion for Reconsideration and for Entry of Final Judgment Pursuant to Rule 54(b) [305]; GRANT in part and DENY in part Plaintiffs' Motion for Leave to Amend [301]; and GRANT Defendants' Motion for Protective Order Regarding Scope of 30(b)(6) Deposition [328].

## DISCUSSION

### I. Motion for Reconsideration and for Entry of Final Judgment

#### A. *Motion for Reconsideration*

Plaintiffs move for reconsideration of this Court's September 29, 2017 Order [292] and subsequent October 5, 2017 Opinion and Order [296] granting in part and dismissing in part Defendants' five Motions to Dismiss. Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment." Fed. R. Civ. P. 54(b). "A motion for reconsideration can be granted if the court 1) is presented with new evidence, 2) committed clear error or the first decision was manifestly unjust, or 3) is aware of an intervening change in law." *Tranxition, Inc. v. Lenovo (United States), Inc.*, No. 3:12-CV-01065-HZ, 2015 WL 9918263, at *1 (D. Or. Apr. 1, 2015).

I deny the Motion for two reasons. First, Plaintiffs did not comply with Local Rule 7-1, which requires a moving party to certify that "the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so." LR 7-1(a)(1)(A). It is undisputed that Plaintiffs' only effort to comply with Rule 7-1 was to send an email 3.5 hours before filing the Motion for Reconsideration. *See* Southwick Decl. [315], Ex. A. "Simply sending an email to opposing counsel and not allowing sufficient time for a meaningful conference by telephone or in person is insufficient compliance with the local rules of this district." *Ekeya v. Shriners Hosp. for Children*, No. 3:17-CV-195-SI, 2017 WL 3707396, at *2

2 – OPINION AND ORDER

(D. Or. Aug. 28, 2017). Plaintiffs' actions in filing this Motion did not comply with Local Rule 7-1.

But even if Plaintiffs had complied with the Local Rules, parties seeking reconsideration must do more than "re-rais[e] arguments previously made or assert[] new legal theories or new facts which could have been presented before the initial hearing." *Sam v. Deutsche Bank Nat. Tr. Co.*, No. 03:13-CV-01521-MO, 2013 WL 6817888, at *2 (D. Or. Dec. 23, 2013). Here, Plaintiffs argue the Court committed clear error and that the first decision was manifestly unjust. But all of their arguments either re-raise previous arguments or assert new legal theories that the Plaintiffs could have raised earlier. I therefore DENY the Motion for Reconsideration.

### B. *Motion for Entry of Final Judgment*

Plaintiffs alternatively move for entry of final judgment under Federal Rule of Civil Procedure 54(b) as to the claims and parties dismissed in the Court's Opinion and Order. "Rule 54(b) permits a district court to enter judgment on 'fewer than all' claims or parties where there is 'no just reason for delay.'" *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010) (quoting Fed. R. Civ. P. 54(b)). "In order to determine whether there is any just reason for delay, the district court should consider both sound judicial administration and the equities involved." *Yeo v. Wash. Cty.*, No. 3:08-CV-01317-AC, 2011 WL 2460876, at *1 (D. Or. June 17, 2011) (internal quotation marks omitted). "With regard to sound judicial administration, it is proper to consider 'whether the claims under review [are] separable' and whether granting the 54(b) request might result in duplication of proceedings, e.g., multiple appellate decisions on the same issues of law or fact." *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Here, the Opinion and Order rendered a "final judgment" as to the issues and parties I dismissed with prejudice. But I DENY the request for Rule 54(b) certification because I find a just reason for delay in this case. Granting entry of final judgment would not serve the interests of sound judicial administration because the factual allegations underpinning the dismissed claims and the remaining claims all relate to the same relationships among individuals and events. *See Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule."). Regarding the equities, Plaintiffs argue this case has been going on for seven years and the underlying events are more than a decade old. Motion [305]. But allowing piecemeal appeals might delay this case even longer, rather than resolving it quickly. I therefore DENY Plaintiffs' request for Rule 54(b) certification.

## II. Motion for Leave to Amend

Plaintiffs seek leave to amend to allege new types of damages and make several other changes.[1] "Under Fed. R. Civ. P. 15(a), after twenty days from the date when the initial complaint was served, 'a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.'" *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting FRCP 15(a)). "A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Id.*

### i. Prejudice to the opposing parties

"Prejudice to the opposing party is the most important factor." *Id.* Plaintiffs filed a "Revised/Corrected" Second Amended Complaint (SAC) in May 2017 that contained the same

---

[1] Once again, Plaintiffs did not comply with Local Rule 7-1 when filing this motion. Plaintiffs' only effort to comply with Rule 7-1 was to send an email 3.5 hours before filing the Motion for Reconsideration. *See* McGrory Decl. [307], Ex. 1.

4 – OPINION AND ORDER

allegations of "new" damages. After the Court's September 1, 2017 order striking the "Revised/Corrected" SAC, Plaintiffs waited almost two months to file this Motion on October 23, 2017, despite an explicit statement in the Order that they could refile a Motion for Leave to Amend. During that time, the parties participated in a major discovery conference with the Court regarding the scope of discovery, the Court issued an Opinion and Order on Defendants' Motions to Dismiss, and discovery proceeded, including Defendants' depositions of Bibiji, Ranbir, and Kamaljit. *See* [281, 287, 296]. And although Defendants asked Plaintiffs in their depositions generally about some of the damages now alleged in their Proposed Third Amended Complaint, the discovery deadline is fast approaching and Defendants would likely need to re-depose most of the Plaintiffs. I conclude Defendants would be prejudiced by granting leave to amend to add new forms of damages, with the exception of one narrow type of damages. Defendants will not be prejudiced by the inclusion of damages for compensation paid for service on the UI and/or SSSC boards, because Defendants asked Plaintiffs about these damages at their depositions, and these are the types of damages that would be included in general damages flowing from the remaining claims.

### ii. Undue delay

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388. Here, the new allegations regarding intellectual property licensing, Ranbir's termination from GTO, and the YB Teachings income are based on events that took place before this action was filed in 2010, some of these events were litigated in an arbitration beginning in 2011, and as discussed above, nearly identical paragraphs appear in the "Revised/Corrected" SAC, filed in May 2017. Plaintiffs knew of the facts and theories raised by the amendment many years ago, and could have included these allegations at any time during this litigation.

5 – OPINION AND ORDER

I therefore DENY leave to amend to allege new theories of damages based on prejudice and undue delay, except to allow Plaintiffs to allege damages for compensation paid for service on the UI and/or SSSC boards.

### III. Motion for Protective Order

Defendants Kartar Singh Khalsa, Sopurkh Kaur Khalsa, Siri Singh Sahib Corporation, and Unto Infinity, LLC filed a Motion for Protective Order [328] to limit the scope of upcoming depositions.[2] In accordance with my rulings above, I GRANT Defendants' Motions for Protective Order Regarding the Scope of 30(b)(6) Deposition [328]. Plaintiffs are ordered to narrow the deposition topics as proposed by Defendants.

### CONCLUSION

For the reasons stated above, I DENY Plaintiffs' Motion for Reconsideration and for Entry of Final Judgment Pursuant to Rule 54(b) [305]; GRANT in part and DENY in part Plaintiffs' Motion for Leave to Amend [301]; and GRANT Defendants' Motion for Protective Order Regarding Scope of 30(b)(6) Deposition [328].

IT IS SO ORDERED.

DATED this 20 day of December, 2017.

MICHAEL W. MOSMAN
Chief United States District Judge

---

[2] Defendant Schwabe also filed a Motion for Protective Order [324], but withdrew the Motion. I denied the Motion for Protective Order [324] as moot. [337].

6 – OPINION AND ORDER