IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BIBIJI INDERJIT KAUR PURI**;
**RANBIR SINGH BHAI**; **KAMALJIT KAUR KOHLI**; **KULBIR SINGH PURI**,

    Plaintiffs,

    v.

**SOPURKH KAUR KHALSA;**
**PERAIM KAUR KHALSA**; **SIRI RAM KAUR KHALSA**; **KARTAR SINGH KHALSA**; **KARAM SINGH KHALSA**; **SIRI KARM KAUR KHALSA**; **ROY LAMBERT**; **SCHWABE, WILLIAMSON & WYATT**, an Oregon Professional Corporation; **LEWIS M. HOROWITZ**; **LANE POWELL PC**, an Oregon Professional Corporation; **UNTO INFINITY, LLC**, an Oregon Limited Liability Company; **SIRI SINGH SAHIB CORPORATION**, an Oregon non-profit corporation; **GURUDHAN SINGH KHALSA**; **GURU HARI SINGH KHALSA**; **AJEET SINGH KHALSA**; **EWTC MANAGEMENT, LLC**; **DOES, 1–5**,

    Defendants.

No. 3:10-cv-01532-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This matter comes before me on Defendants Unto Infinity, LLC, Siri Singh Sahib

Corporation, Kartar Singh Khalsa, and Sopurkh Kaur Khalsa's (collectively, "the UI

Defendants") Motions for Attorney Fees and Costs [438, 441]. For the reasons stated below, I GRANT in part and DENY in part the Motions.

## BACKGROUND

This dispute revolved around the now deceased Siri Singh Sahib Bhai Sahib Harbhajan Singh Khalsa Yogiji, who was known as Yogi Bhajan. Yogi Bhajan was a Sikh Dharma spiritual leader who helped promulgate the Sikh religion and Kundalini Yoga in the United States until his death in 2004. Plaintiffs in this case are the widow and three children of Yogi Bhajan. Defendants are various boards, board members, and other individuals involved in the management of organizations founded by Yogi Bhajan. Plaintiffs alleged in the operative Second Amended Complaint ("SAC") that the individual Defendants conspired to exclude them from management of some of these boards after Yogi Bhajan's death on October 6, 2004. SAC [234] ¶¶ 24–29. They sought declaratory relief placing them on the boards and monetary damages.

As relevant here, Plaintiffs originally alleged a claim against the UI Defendants under the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), O.R.S. § 166.715 *et seq*. First Amended Complaint ("FAC") 102; SAC [234]. Plaintiffs voluntarily dismissed this claim in May 2017, and I therefore dismissed the claim with prejudice. Order [296]. I then granted several motions to dismiss and a motion for summary judgment, thereby disposing of all of Plaintiffs' remaining claims. *See* Orders [292, 296, 373, 436]. Plaintiffs have appealed some of these rulings. [444].

The UI Defendants now seek $28,918.13 in attorney fees under ORICO's fees provision, O.R.S. § 166.725(14), and $46,164.53 in costs under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). Motion [438], Bill of Costs [441].

**DISCUSSION**

I. **Attorney Fees**

   A. *Entitlement to attorney fees*

Oregon law governs whether attorney fees are available in this case. *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) ("State laws awarding attorneys' fees are generally considered to be substantive laws under the *Erie* doctrine . . . ."). Under ORICO, a court may award attorney fees to a prevailing party. *Accident Care Specialists of Portland, Inc. v. Allstate Fire & Cas. Ins. Co.*, No. 3:11-CV-01033-MO, 2014 WL 2747632, at *5 (D. Or. June 16, 2014) (citing O.R.S. § 166.725(14)). It is undisputed that the UI Defendants prevailed on Plaintiffs' ORICO claim and thus may be awarded discretionary fees under O.R.S. § 166.725(14).

   B. *Whether to award fees according to O.R.S. § 20.075(1)*

In deciding whether to award discretionary fees, I must consider the following factors outlined in O.R.S. § 20.075(1):

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under O.R.S. 20.190.
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

O.R.S. § 20.075(1). Oregon law requires that "[w]hen a party prevails in an action that encompasses both a claim for which attorney fees are authorized and a claim for which they are not, the trial court must apportion attorney fees, except when there are issues common to both claims." *Alexander Mfg., Inc. Emp. Stock Ownership and Trust v. Ill. Union Ins. Co.*, 688 F.Supp.2d 1170, 1179–80 (D. Or. 2010) (quoting *Bennet v. Baugh*, 990 P.2d 917, 920–21 (Or. Ct. App. 1999)). "[W]here fee-bearing and non-fee-bearing claims involve common issues, hours pertinent to both the fee-bearing claim and other claims may be recoverable." *Accident Care Specialists*, 2014 WL 2747632 at *7.

The UI Defendants argue that factors (a), (e), (f) and (g) are neutral in this case, but that factors (b), (c), (d), and (h) weigh in their favor. In particular, the UI Defendants argue that the ORICO claim was objectively unreasonable, that an award would not deter future good faith ORICO claims but would deter meritless claims, and that the Court should award fees according to factor (h) to deter Plaintiffs from future litigiousness. Motion [438] at 5–7. Plaintiffs argue that the Court should not award fees due to the UI Defendants' conduct under factor (a), and that factors (b), (c), (d), and (h) do not weigh in favor of awarding fees. Response [448] at 6–7.

I decline to award fees in this case, but for a different reason. ORICO was one of eight claims pleaded against the UI Defendants in the FAC and one of five claims pleaded against some of the UI Defendants in the SAC. FAC [102]; SAC [234]. Plaintiffs urge the Court to award 25% of the fees included in their fee chart, arguing that the ORICO claim shared common issues with the Plaintiffs' fraud claim, and that combined they comprise 25% of the total claims. Motion [438] at 4–5. Although I agree with Plaintiffs' characterization of the claims in this case, the UI Defendants point to no case law showing that a Court may award attorney fees based on

such a rough estimate of their billed hours.[1] Without more information about whether this percentage actually equated to the time spent on the ORICO and fraud claims, or indications of other proxies, such as number of discovery requests or pages in briefs devoted to particular claims, I cannot conclude that the mere arithmetic calculation of the ratio of successful claims to total claims is a proper estimate of the reasonable hours spent on the ORICO and fraud claims.

O.R.S. § 20.075(1)(h) directs the Court to consider "[s]uch ... factors as the court may consider appropriate under the circumstances of the case." O.R.S. § 20.075(1)(h). Here, I conclude that the failure to properly explain hours overrides the other factors in O.R.S. § 20.075(1), and I decline to award attorney fees.

## II. Costs

28 U.S.C. § 1920 allows federal courts to award costs, including costs for "transcripts necessarily obtained for use in the case," and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. Copying costs may include costs associated with electronic discovery. *Pacificorp v. Nw. Pipeline GP*, No. 3:10-CV-00099-PK, 2012 WL 6131558, at *8 (D. Or. Dec. 10, 2012). Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party." *Beck v. Metro. Prop. & Cas. Ins. Co.*, No. 3:13-cv-00879-AC, 2016 WL 4978411, at *24 (D. Or. Sept. 16, 2016) (citing *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)).

The UI Defendants seek $46,164.53 in costs, including $28,031.12 for deposition transcripts and video recordings, as well as court report and videographer fees, and $18,133.41 in electronic discovery costs. Bill of Costs [441]. Plaintiffs argue that the UI Defendants failed to

---

[1] The UI Defendants cite *Accident Care Specialists*, 2014 WL 2747632, at *9, in which I awarded costs according to a certain percentage. But fees and costs require different analyses, which the UI Defendants do not address.

5 – OPINION AND ORDER

properly explain their costs and that awarding costs is inequitable, based on the UI Defendants' conduct in the events underlying this litigation. Response [448] at 4–5. I find that the UI Defendants have adequately explained their electronic discovery costs and why the deposition transcripts were "necessarily obtained for use in the case." I also conclude that Plaintiffs have not overcome Federal Rule of Civil Procedure 54(d)'s presumption in favor of awarding costs. I therefore award the UI Defendants $46,164.53 in costs.

### III. Conclusion

For the reasons stated above, I GRANT in part and DENY in part the UI Defendants' Motions for Attorney Fees and Costs [438, 441]. I decline to award attorney fees, but I award the UI Defendants $46,164.53 in costs.

IT IS SO ORDERED.

DATED this   27th   day of July, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge